NICOLA T. HANNA, SBN 130694
  nhanna@gibsondunn.com
LAUREN D. FRIEDMAN, SBN 251086
  lfriedman@gibsondunn.com
JARED GREENBERG, SBN 300400
  jgreenberg@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

DEBRA WONG YANG, SBN 123289
  DWongYang@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Plaintiffs
ALLERGAN, INC. and ALLERGAN USA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALLERGAN, INC. and ALLERGAN USA, INC.,<br><br>          Plaintiffs,<br><br>    v.<br><br>AMAZON MEDICA and DOES 1-10,<br><br>          Defendants. | CASE NO. 2:16-cv-8403 CBM (SSx)<br><br>**PLAINTIFFS ALLERGAN, INC. AND ALLERGAN USA, INC.'S NOTICE OF MOTION AND MOTION FOR ORDER FOR ALTERNATIVE SERVICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Hearing:**<br>Date:    January 10, 2017<br>Time:   10:00 a.m.<br>Judge:  Hon. Consuelo B. Marshall |

Gibson, Dunn &
Crutcher LLP

1  TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE THAT at 10:00 a.m. on January 10, 2017, or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Consuelo B. Marshall, currently located at 312 N. Spring Street, Los Angeles, California, and as of the hearing date to be located at 350 West 1st Street, Los Angeles, California, Plaintiffs Allergan, Inc. and Allergan USA, Inc. will ask this Court pursuant to Rule 4 of the Federal Rules of Civil Procedure for an Order permitting Plaintiffs to effect service on Defendant Amazon Medica via known active email addresses.  This motion is made pursuant to Federal Rules of Civil Procedure 4(f)(3) which permits the Court to authorize Plaintiffs to serve Defendants through alternative means, provided that the means are not prohibited by any international agreement and the methods comport with due process.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and the declarations of Jared Greenberg, Mary Beth Hagen, David Moatazedi, Elke Maples, Emily Moore, Kristi Ornelas, and Doug Forrest attached hereto.

Dated:  November 23, 2016

DEBRA WONG YANG
NICOLA T. HANNA
LAUREN D. FRIEDMAN
JARED GREENBERG
GIBSON, DUNN & CRUTCHER LLP


By:  /s/ Nicola T. Hanna
           Nicola T. Hanna

Attorneys for Plaintiffs ALLERGAN, INC. and ALLERGAN USA, INC.

Gibson, Dunn &
Crutcher LLP

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND ................................................................................2

    A. Allergan and Its Affiliate Entities Market and Manufacture Drugs and Medical Devices ...........................................................................2

    B. Amazon Medica Is an Unlicensed Foreign Criminal Entity That Illegally Advertises, Imports, and Sells Prescription Medicines to Unwitting Doctors in the United States ..........................................................3

    C. Amazon Medica's Operations Violate Federal and California Law ..........3

    D. Allergan Filed a Complaint Against Amazon Medica to Enjoin Amazon Medica's Illegal and Dangerous Behavior .................................5

    E. Amazon Medica Conceals its Physical Location Making Traditional Service of Process Impossible .................................................5

    F. Amazon Medica Actively Uses Several Email Addresses to Conduct Its Operations ...........................................................................6

III. ARGUMENT .......................................................................................................7

    A. The Ninth Circuit Permits Alternative Service by Email Under Rule 4(f)(3) ............................................................................................7

    B. Email Service on Defendants Is Appropriate and the Only Mechanism to Deliver Actual Notice .........................................................9

        1. The Hague Convention Expressly Does Not Apply When a Physical Address Is Unknown .............................................................9

        2. No International Agreement Prohibits Service by Email ...............10

        3. Service by Email Comports with Due Process and Email Is the Most Practical Mechanism to Serve Defendants Who Actively Hide Their Physical Location ........................................10

IV. CONCLUSION .................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

## Cases

*ADT Sec. Servs., Inc. v. Sec. One Int'l, Inc.*,
    No. 11-CV-05149 YGR, 2012 WL 3580670 (N.D. Cal. Aug. 17, 2012) ................ 11

*D.Light Design, Inc. v. Boxin Solar Co.*,
    No. C-13-5988 EMC, 2015 WL 526835 (N.D. Cal. Feb. 6, 2015) ........................... 9

*DFSB Kollective Co. v. Bing Yang*,
    No. C 11-1051 CW, 2013 WL 1294641 (N.D. Cal. Mar. 28, 2013) ....................... 11

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ................................................................................................ 10

*Rio Properties, Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002) ............................................................... 8, 10, 11, 12

*St. Francis Assisi v. Kuwait Fin. House*,
    No. 3:16-CV-3240-LB, 2016 WL 5725002 (N.D. Cal. Sept. 30, 2016) .............. 7, 11

*Tatung Co. Ltd. v. Hsu*,
    No. SACV131743DOCANX, 2015 WL 11089492 (C.D. Cal. May 18,
    2015) ....................................................................................................................... 8

*Toyo Tire & Rubber Co. v. CIA Wheel Grp.*,
    No. 15-0246-DOC, 2016 WL 1251008 (C.D. Cal. Mar. 25, 2016) .................... 8, 10

*WhosHere, Inc. v. Orun*,
    No. 1:13-CV-00526-AJT, 2014 WL 670817 (E.D. Va. Feb. 20, 2014) .................. 11

## Statutes

15 U.S.C. § 1114 ............................................................................................................. 4

15 U.S.C. § 1125 ............................................................................................................. 4

15 U.S.C. § 1125(a)(1) .................................................................................................... 4

21 U.S.C. § 331 ............................................................................................................ 2, 3

21 U.S.C. § 351 ............................................................................................................... 3

21 U.S.C. § 352 ............................................................................................................... 3

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES
(continued)

Page(s)

21 U.S.C. § 353(b)(4) ............................................................................................. 3

21 U.S.C. § 360eee–1 ............................................................................................. 4

Cal. Bus. & Prof. Code § 17200 ............................................................................. 4

Cal. Health & Safety Code § 110110(a) ................................................................. 4

Cal. Health & Safety Code § 110390 ..................................................................... 4

Cal. Health & Safety Code § 110395 ..................................................................... 4

Cal. Health & Safety Code § 110398 ..................................................................... 4

Cal. Health & Safety Code § 111295 ..................................................................... 4

Cal. Health & Safety Code § 111300 ..................................................................... 4

Cal. Health & Safety Code § 111330 ..................................................................... 4

Cal. Health & Safety Code § 111335 ..................................................................... 4

Cal. Health & Safety Code § 111340 ..................................................................... 4

Cal. Health & Safety Code § 111360 ..................................................................... 4

Cal. Health & Safety Code § 111375 ..................................................................... 4

Cal. Health & Safety Code § 111397(a) ................................................................. 4

Cal. Health & Safety Code § 111435 ..................................................................... 4

Cal. Health & Safety Code § 111440 ..................................................................... 4

Cal. Health & Safety Code § 111445 ..................................................................... 4

Cal. Health & Safety Code § 111550 ..................................................................... 4

## Other Authorities

*Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters*, Nov. 15, 1965, 20 U.S.T. 361, art. 1 ............................................................................................ 9

Gibson, Dunn & Crutcher LLP

iii

# TABLE OF AUTHORITIES
(continued)

Page(s)

U.S. Dept. of State, Legal Considerations, Singapore,
　https://travel.state.gov/content/travel/en/legal-
　considerations/judicial/country/singapore.html (last updated Nov. 15,
　2013) ............................................................................................................... 9

U.S. Dept. of State, Legal Considerations, United Kingdom,
　https://travel.state.gov/content/travel/en/legal-
　considerations/judicial/country/united-kingdom.html (last updated
　Nov. 15, 2013) ............................................................................................... 9

**Rules**

Fed. R. Civ. P. 4(f) ................................................................................................ 7

Fed. R. Civ. P. 4(f)(3) .......................................................................................... 10

Fed. R. Civ. P. 4(h) ............................................................................................... 7

**Regulations**

21 C.F.R § 201 ...................................................................................................... 3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On November 10, 2016, Plaintiffs Allergan, Inc. and Allergan USA, Inc. (collectively, "Allergan") filed a Complaint (Dkt. No. 1) against Defendants Amazon Medica and Does 1-10 alleging various state and federal causes of action. The Complaint alleges that Amazon Medica is an unlicensed fly-by-night foreign entity that illegally advertises, imports, and sells Allergan-branded prescription medical devices and drugs to doctors in the United States. These doctors, in turn, inject the unlawfully obtained, adulterated and potentially unsafe prescription medicines into unknowing and unsuspecting patients.

Amazon Medica operates exclusively through its website and by email and its principals are believed to reside overseas. Amazon Medica actively conceals its physical location and base of operations by providing fictitious business addresses on its marketing materials. Because its physical location is unknown, traditional service of process is impossible. Accordingly, Plaintiffs seek an order, pursuant to Fed. R. Civ. P. 4(f)(3), permitting service of the Complaint and all other case-related documents by email.[1]

Service by email is the only known method that ensures Defendants receive actual notice. Service under The Hague Convention does not apply as the Defendants' addresses are unknown. Alternative service via email is permissible through a Court order because no international treaties prohibit service by email on Defendants, and it would comport with due process.

---

[1] In an effort to provide actual notice of these proceedings, Plaintiffs proactively emailed the complaint and summons on November 22, 2016 to Amazon Medica at its known email addresses: office@amazonmedica.com, orders@amazonmedica.com, sales@amazonmedica.com, and vincent@amazonmedica.com. Concurrent with filing this Motion, Plaintiffs also emailed it to Amazon Medica. If the requested order is issued, Plaintiffs will formally serve these documents again via email.

## II.

## FACTUAL BACKGROUND

### A. Allergan and Its Affiliate Entities Market and Manufacture Drugs and Medical Devices

Allergan markets a portfolio of leading branded pharmaceuticals, devices and biologic products for the central nervous system, eye care, medical aesthetics and dermatology, gastroenterology, women's health, urology and anti-infective therapeutic categories for sale in the United States. *See* Complaint (Dkt. No. 1), ¶ 12. Among other products, Allergan has exclusive rights, within the United States, to market BOTOX®, a drug approved by the Food and Drug Administration ("FDA") to treat several very serious medical conditions, BOTOX® Cosmetic, the only FDA-approved treatment to temporarily improve the appearance of both moderate to severe frown lines and lateral canthal lines in adults, and the JUVÉDERM® product line, a collection of hyaluronic acid fillers that are used to add volume to different areas of the face. *Id.* Allergan has exclusive rights to the BOTOX® and JUVÉDERM® trademarks in the United States. *Id.* at ¶ 21.

Allergan entities manufacture JUVÉDERM VOLUMA® XC and JUVÉDERM VOLBELLA® XC, which are Class III medical devices approved by the FDA. *Id.* at ¶¶ 22–23. For each of its FDA-approved medical devices, Allergan entities received FDA approval after it filed Premarket Approval applications supported by scientific data demonstrating that the device is safe and effective. *Id.* at ¶ 21.

Allergan entities also manufacture JUVÉDERM® Ultra 2, JUVÉDERM® Ultra 3, JUVÉDERM® Ultra 4, and JUVÉDERM® Ultra Smile for sale only outside the United States. *Id.* at ¶ 24. These medical devices are **not** approved by the FDA, and federal law prohibits the marketing and sale of these products in the United States. *Id.*; *see* 21 U.S.C. § 331.

///

///

**B. Amazon Medica Is an Unlicensed Foreign Criminal Entity That Illegally Advertises, Imports, and Sells Prescription Medicines to Unwitting Doctors in the United States**

Amazon Medica is a website operator that falsely advertises, imports, markets, sells, and distributes unapproved, unauthorized, adulterated, and misbranded Allergan-branded products in the United States, which include medical devices not approved by the FDA. *See* Complaint (Dkt. No. 1), ¶¶ 30–61; *see* Greenberg Decl. Ex. A. It makes numerous false and misleading statements to deceive health care practitioners into thinking its products are safe, effective, FDA-approved, and legal. *See* Complaint (Dkt. No. 1), ¶¶ 34–51. And to give itself a veneer of legitimacy, Amazon Medica purports to have physical office locations in Los Angeles and Singapore, both of which are phony. *See* Hagen Decl. Ex. A, A-1, A-5; *see* Greenberg Decl. Ex. B; *see* Forrest Decl. ¶ 2; *see* Mapes Decl. ¶ 2; *see* Moore Decl. ¶ 2.

**C. Amazon Medica's Operations Violate Federal and California Law**

Amazon Medica allegedly acquires Allergan-branded products from sources in the United Kingdom and illegally diverts them for sale in the United States. *See* Complaint (Dkt. No. 1), ¶ 31. All of these products bear packaging from the United Kingdom or other countries, as opposed to packaging, labels and warnings required by the FDA for sales to consumers here, and some of the JUVÉDERM® products have not been approved for sale in the United States by the FDA. *See id.* at ¶¶ 35, 44, 55. In conducting this illicit business, Amazon Medica violates numerous sections of the Federal Food, Drug, and Cosmetic Act. Federal law deems medical devices and drugs to be adulterated and misbranded when, among other things, they are not stored and shipped in conformity with required quality control, they do not contain United States packaging, labels, and warnings, or they are not FDA-approved. *See* 21 U.S.C. §§ 351, 352, 353(b)(4). Introducing misbranded and adulterated drugs into interstate commerce is also prohibited by the Act. *See* 21 U.S.C. § 331; *see also* 21 C.F.R § 201

*et seq*. Further, the Drug Supply Chain Security Act requires product tracing, licensing, and annual reporting. *See* 21 U.S.C. § 360eee–1.

Federal law prohibits false advertising and unfair competition under Section 43(a) of the Lanham Act against any person who "uses in commerce any . . . false or misleading description of fact, or false or misleading representation of fact, which . . . misrepresents the nature, characteristics qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1). The Lanham act also prohibits trademark infringement for the sale of products that are materially different than the genuine products for sale in the United States. *See* 15 U.S.C. §§ 1114, 1125.

California law also prohibits selling unapproved medical devices and misbranded and adulterated drugs and medical devices. *See* Cal. Health & Safety Code §§ 110110(a), 111295, 111300, 111440, 111445, 111550. California law prohibits advertising adulterated or misbranded drugs or devices, false or misleading advertising, and the sale or offering of such falsely advertised drugs or devices. *See* §§ 110390, 110395, 110398. The products Amazon Medica advertises and sells are adulterated and misbranded according to state laws because they do not contain proper labels and packaging, they have been obtained outside of the licensed supply chain, and some are not FDA-approved. *See* §§ 111330, 111335, 111340, 111360, 111375, 111397(a), 111435. In addition, California's Unfair Competition Law prohibits "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

Amazon Medica's illicit operations violate the above federal and state laws due to its advertising, false advertising, importing, selling, and distributing of unapproved, unauthorized, adulterated, and misbranded Allergan-branded products. *See* Complaint (Dkt. No. 1), ¶¶ 30–61; *see* Greenberg Decl. Ex. A.

///

///

**D.  Allergan Filed a Complaint Against Amazon Medica to Enjoin Amazon Medica's Illegal and Dangerous Behavior**

Allergan seeks to protect the safety of patients in the United States, and prevent Amazon Medica from causing more harm to Plaintiffs by enjoining Amazon Medica's ongoing unsafe, unlawful, and unfair business practices.  Allergan has filed suit for: (1) false advertising and unfair competition in violation of Section 43(a) of the Lanham Act; (2) unlawful, unfair, and/or fraudulent business acts, as well as unfair, deceptive, untrue, or misleading advertising in violation of the State of California Business & Professions Code § 17200 *et seq.*; (3) untrue or misleading advertising in violation of the State of California Business & Professions Code § 17500 *et seq.*; (4) trademark infringement under the Lanham Act § 43(a); and (5) the California common law tort of intentional interference with prospective economic advantage.  *See* Complaint (Dkt. No. 1), ¶¶ 62–92.

**E.  Amazon Medica Conceals its Physical Location Making Traditional Service of Process Impossible**

Amazon Medica actively conceals its physical location and principal place of business.  *Id.*  On its website and in its marketing materials, Amazon Medica claims to have an office at 50 Raffles Place, #30.00 Singapore Land Tower, 048623, Singapore, as well as a "satellite office" in the Central District of California located at 445 S. Figueroa Street, Los Angeles, California.  *See* Hagen Decl. Ex. A, A-1, A-5; *see* Greenberg Decl. Ex. B.  Neither of those addresses house any business named Amazon Medica or any business known to be associated with Amazon Medica.  *See* Forrest Decl. ¶ 2; *see* Mapes Decl. ¶ 2; *see* Moore Decl. ¶ 2.

Amazon Medica also claims, on its homepage, to be "Great Britain's #1 pharmaceutical wholesaler."  *See* Greenberg Decl. Ex. C.  However, a review of a United Kingdom digital register of companies reveals Amazon Medica is not a registered business in the United Kingdom.  *Id.* Ex. D.

1    In April 2016, Plaintiffs sent Amazon Medica, via local mail and hand delivery, a Cease and Desist letter to its purported address in Singapore. Moore Decl. ¶ 2. The mail was returned and the attempt to hand deliver the letter was unsuccessful because Amazon Medica was not located at the Singapore address. *Id.*

On October 14, 2016, Elke Mapes of Gibson Dunn & Crutcher LLP went to Amazon Medica's purported "satellite office" address at 445 South Figueroa Street in Los Angeles. *See* Mapes Decl. ¶ 2. This office building's directory listed multiple companies, but not Amazon Medica. *Id.* at ¶ 2, Ex. A. The building had a guard on duty who identified himself as Douglas Palmer. *Id.* at ¶ 2. Mr. Palmer stated that he never heard of Amazon Medica. *Id.* After checking with another individual via telephone, Mr. Palmer confirmed that Amazon Medica was not a tenant at the building. *Id.*

Upon issuance of the summons, Plaintiffs directed First Legal Network to attempt formal service of Defendants at the same purported "satellite office" address at 445 South Figueroa Street in Los Angeles. *See* Forrest Decl. ¶ 2. The process server also found that Amazon Medica had no presence at its listed address. *Id.* Amazon Medica was not named on the directory, and is not a tenant at the address in question. *Id.* The process server spoke with two security guards who confirmed Amazon Medica was not a tenant. *Id.* In addition, the process server went to the 31st floor, which is a business center with multiple tenants, and confirmed Amazon Medica was not located on that floor. *Id.* The listed Los Angeles address for Amazon Medica is fictitious.

**F.    Amazon Medica Actively Uses Several Email Addresses to Conduct Its Operations**

Amazon Medica conducts its business primarily on the internet and via email. The email address sales@amazonmedica.com is listed on Amazon Medica's "Contact Us" webpage *Id.* Ex. B. In addition, Amazon Medica has used the email addresses orders@amazonmedica.com, vincent@amazonmedica.com, and

office@amazonmedica.com to solicit United States-based health care practitioners. *See* Ornelas Decl. Ex. A; *see* Moatazedi Decl. Ex. A. For example, in April and May 2016, a person using the name "Vincent Marino," of Amazon Medica, emailed a Dr. T.C.[2] of Ventura County from the email address "vincent@amazonmedica.com." *See* Ornelas Decl. Ex. A. Dr. T.C. asked questions of Mr. Marino, and he responded to the doctor's emails and continued to send him follow-up emails. *Id.* In Mr. Marino's email on May 27, 2016, he cc'd the email address "office@amazonmedica.com," and stated that the doctor could send an account opening form to "orders@amazonmedica.com." *Id.* In another example, Mr. Marino emailed a Dr. S.T. of Los Angeles County from the email address "vincent@amazonmedica.com." *See* Moatazedi Decl. Ex. A. Mr. Marino again responded, via email, to the doctor's questions and also cc'd the email address "office@amazonmedica.com." *Id.*

## III.
## ARGUMENT

**A.     The Ninth Circuit Permits Alternative Service by Email Under Rule 4(f)(3)**

Federal Rule of Civil Procedure 4(h) authorizes service on a foreign entity by, among others, "any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." *See* Fed. R. Civ. P. 4(h). Rule 4(f) provides three mechanisms for serving an individual in a foreign country: "1) by an internationally agreed means of service that is reasonably calculated to give notice, such as those provided by the Hague Convention; 2) if there is no international means or no means specified then by means reasonably calculated to give notice; or 3) by other means not prohibited by international agreement, as the court orders." *St. Francis Assisi v. Kuwait Fin. House*, No. 3:16-CV-3240-LB, 2016 WL 5725002, at *1 (N.D. Cal. Sept. 30, 2016); *see* Fed. R. Civ. P. 4(f).

---

[2] To ensure the privacy of physicians who have been targeted by Amazon Medica, they are referred to herein by initials only, and their email addresses, organizations, and names have been redacted from the exhibits.

1   Under Rule 4(f)(3), this Court can order service of process on an individual in a
2   foreign country by email as long as it 1) is not prohibited by international agreement
3   with the country where Defendants are to be served, and 2) comports with due process.
4   *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015–16 (9th Cir. 2002)
5   (affirming district court's authorization of service on foreign defendants by email
6   under Rule 4(f)(3)).  Service under Rule 4(f)(3) "is as favored as service available
7   under Rule 4(f)(1) or Rule 4(f)(2)."  *Id.* at 1015; *see also Tatung Co. Ltd. v. Hsu*,
8   No. SACV131743DOCANX, 2015 WL 11089492, at *2 (C.D. Cal. May 18, 2015)
9   (authorizing service by email and stating "the plaintiff need not make an attempt to
10  serve the defendant under either Rule 4(f)(1) or (2).").

11  The Ninth Circuit permits court-ordered alternative service by email for elusive
12  defendants that operate websites outside the United States from unknown locations.
13  *See Rio Properties*, 284 F.3d at 1016–17 ("[W]e conclude not only that service of
14  process by email was proper . . . but in this case, it was the method of service most
15  likely to reach [defendant].").  The Ninth Circuit left it "to the discretion of the district
16  court to balance the limitations of email service against its benefits in any particular
17  case."  *Id.* at 1018.  Courts within this District have used their discretion to grant
18  alternative service by email.  *See Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. 15-
19  0246-DOC (DFMX), 2016 WL 1251008, at *1 (C.D. Cal. Mar. 25, 2016) (granting
20  service by email against a foreign defendant when the defendant's purported physical
21  address was phony and attempts of traditional service were unsuccessful); *see Tatung
22  Co. Ltd.*, No. SACV131743DOCANX, 2015 WL 11089492, at *2 (granting alternative
23  service by email for foreign defendants with active email addresses and noting that
24  "Courts routinely authorize email service under Rule 4(f)(3).").
25  ///
26  ///
27  ///
28  ///

**B.     Email Service on Defendants Is Appropriate and the Only Mechanism to Deliver Actual Notice**

**1.     The Hague Convention Expressly Does Not Apply When a Physical Address Is Unknown**

Article One of The Hague Convention expressly states, "This Convention shall not apply where the address of the person to be served with the document is not known." *Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters*, Nov. 15, 1965, 20 U.S.T. 361, art. 1; *see also D.Light Design, Inc. v. Boxin Solar Co.*, No. C-13-5988 EMC, 2015 WL 526835, at *2 (N.D. Cal. Feb. 6, 2015) (authorizing service by email and noting "Because the physical addresses of these Defendants are unknown, the Hague Convention does not apply.").

Amazon Medica has claimed to be located in Singapore, but provided a bogus address. Even if Amazon Medica is located in Singapore, service would not be proper under The Hague Convention because Singapore is not a party to the Convention. *See* U.S. Dept. of State, Legal Considerations, Singapore, https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/singapore.html (last updated Nov. 15, 2013) (herein referred to as "U.S. Dept. of State, Legal Considerations, Singapore").

Amazon Medica also claimed to be "Great Britain's #1 pharmaceutical wholesaler." *See* Greenberg Decl. Ex. C. The United Kingdom is a party to The Hague Convention, but a review of a United Kingdom digital register of companies reveals Amazon Medica is not a registered business in the United Kingdom. *Id.*; Greenberg Decl. Ex. D; *see* U.S. Dept. of State, Legal Considerations, United Kingdom, https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/united-kingdom.html (last updated Nov. 15, 2013) (herein referred to as "U.S. Dept. of State, Legal Considerations, United Kingdom"). Even if Defendants were located in the United Kingdom, The Hague Convention

would not apply because "the address of the person to be served with the document is not known." Accordingly, The Hague Convention does not preclude service by email.

### 2. No International Agreement Prohibits Service by Email

For service by email to be valid, no international agreement must expressly prohibit such service. *See* Fed. R. Civ. P. 4(f)(3); *see also Rio Properties*, 284 F.3d at 1014 ("No other limitations are evident from the text. In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country.").

Defendants ostensibly reside in Singapore, or possibly the United Kingdom. Singapore is not a party to The Hague Convention and has not signed any international agreements prohibiting service by email. *See* U.S. Dept. of State, Legal Considerations, Singapore. The United Kingdom is a party to The Hague Convention, but it does not apply because Amazon Medica's address is unknown. *See supra* III.B.1. And even if The Hague Convention did apply, it "does not expressly prohibit service by email." *Toyo*, No. 15-0246-DOC (DFMX) at *3 (referencing cases in N.D. Cal. where the court held service by email did not violate The Hague Convention). Further, the United Kingdom has not signed any international agreements prohibiting service by email. *See* U.S. Dept. of State, Legal Considerations, United Kingdom. Accordingly, no international agreement expressly prohibits service by email on Defendants.

### 3. Service by Email Comports with Due Process and Email Is the Most Practical Mechanism to Serve Defendants Who Actively Hide Their Physical Location

In order to meet the constitutional requirements of due process, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016–1017 (quoting *Mullane v.*

*Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "[T]his broad constitutional principle unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance." *Id.* at 1017; *see also ADT Sec. Servs., Inc. v. Sec. One Int'l, Inc.*, No. 11-CV-05149 YGR, 2012 WL 3580670, at *2 (N.D. Cal. Aug. 17, 2012) (finding the email address listed on defendant's website to be "the method most likely to apprise [defendants] of this action" when the foreign company concealed its physical location).

      The Ninth Circuit acknowledged that email may be the only practical mechanism to serve defendants running a fraudulent overseas online business. *See Rio Properties*, 284 F.3d at 1017 ("when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process."); *see also DFSB Kollective Co. v. Bing Yang*, No. C 11-1051 CW, 2013 WL 1294641, at *10 (N.D. Cal. Mar. 28, 2013) (finding service of process by email proper when a foreign internet-based business provided a valid email address but not a valid street address). Some courts have even granted service by social media when the platform is the most likely to reach the elusive defendants. *See St. Francis Assisi*, No. 3:16-CV-3240-LB, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016) (granting alternative service via Twitter for foreign defendant with an active Twitter account); *see also WhosHere, Inc. v. Orun*, No. 1:13-CV-00526-AJT, 2014 WL 670817, at *1 (E.D. Va. Feb. 20, 2014) (ordering service by email, Facebook, and LinkedIn).

      Amazon Medica is an "international e-business scofflaw" that hides behind fictitious business addresses and internet anonymity. But to conduct its business, Amazon Medica must rely on email in order to communicate directly with customers about specific transactions. Indeed, its "Contact Us" webpage lists the email address "sales@amazonmedica.com" for purposes of direct customer contact. And as demonstrated in the accompanying declarations, Amazon Medica routinely communicates with United States-based healthcare practitioners via its various known

email addresses. Thus, service by email is the only known mechanism that will provide actual notice to Defendants and apprise them of the "pendency of the action and afford them an opportunity to present their objections." *See Rio Properties*, 284 F.3d at 1016–1017. Accordingly, service by email comports with due process requirements.

## IV.
## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court authorize service of the Complaint, summons, pleadings, and any future case-related documents on Defendants known email addresses: office@amazonmedica.com, orders@amazonmedica.com, sales@amazonmedica.com, and vincent@amazonmedica.com.

Dated: November 23, 2016

DEBRA WONG YANG
NICOLA T. HANNA
LAUREN D. FRIEDMAN
JARED GREENBERG
GIBSON, DUNN & CRUTCHER LLP


By: /s/ Nicola T. Hanna
　　　　Nicola T. Hanna

Attorneys for Plaintiffs ALLERGAN, INC. and ALLERGAN USA, INC.

102197468.4