1  NICOLA T. HANNA, SBN 130694
    nhanna@gibsondunn.com
2  LAUREN D. FRIEDMAN, SBN 251086
    lfriedman@gibsondunn.com
3  JARED GREENBERG, SBN 300400
    jgreenberg@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
   3161 Michelson Drive
5  Irvine, CA  92612-4412
   Telephone:  949.451.3800
6  Facsimile:   949.451.4220

7  DEBRA WONG YANG, SBN 123289
    DWongYang@gibsondunn.com
8  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
9  Los Angeles, CA  90071-3197
   Telephone:  213.229.7000
10 Facsimile:   213.229.7520

11 Attorneys for Plaintiffs
   ALLERGAN, INC. and ALLERGAN USA, INC.

12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15                    WESTERN DIVISION

| | |
|---|---|
| 16 ALLERGAN, INC. and ALLERGAN USA, INC., | CASE NO. 2:16−cv−8403 CBM (SSx) |
| 17 | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ORDER FOR EXPEDITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Plaintiffs, | |
| 18 | |
| v. | |
| 19 | |
| 20 AMAZON MEDICA and DOES 1-10, | **DISCOVERY MATTER** |
| Defendants. | |
| 21 | **Hearing:** |
| 22 | Date:       December 27, 2016 |
| 23 | Time:       10:00 a.m. |
| | Place:       Courtroom 590 |
| 24 | Judge:       Hon. Suzanne H. Segal |

25

26

27

28

TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 27, 2016, at 10:00 a.m., or as soon thereafter as the matter may be called, in the Courtroom of the Honorable Suzanne H. Segal, located at Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, California, Plaintiffs Allergan, Inc. and Allergan USA, Inc. ("Allergan") will move this Court pursuant to Federal Rule of Civil Procedure 26(d), for an order granting expedited discovery on certain third parties in order to determine the identity, location, methods of operation, and customers of Defendants Amazon Medica and Does 1-10.

This motion is based on this Notice of Motion and Motion, and the accompanying Memorandum of Points and Authorities filed herewith.

Dated: November 23, 2016

DEBRA WONG YANG
NICOLA T. HANNA
LAUREN D. FRIEDMAN
JARED GREENBERG
GIBSON, DUNN & CRUTCHER LLP

By: /s/ Nicola T. Hanna
         Nicola T. Hanna

Attorneys for Plaintiffs ALLERGAN, INC. and ALLERGAN USA, INC.

Gibson, Dunn &
Crutcher LLP

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

### INTRODUCTION

On November 10, 2016, Plaintiffs Allergan, Inc. and Allergan USA, Inc. (collectively, "Allergan") filed a Complaint (Dkt. No. 1) against Defendants alleging various state and federal causes of action.  The Complaint alleges that Defendant Amazon Medica is an unlicensed fly-by-night foreign website that illegally advertises, imports, and sells misbranded and adulterated Allergan-branded prescription medical devices and drugs to doctors in the United States.  These doctors, in turn, inject the unlawfully obtained, adulterated and potentially unsafe prescription medicines into unknowing and unsuspecting patients.  Amazon Medica's actions have harmed Allergan's goodwill and business, and have put an untold number of patients at risk.

By this motion, Allergan seeks leave of court to initiate third-party discovery in advance of the discovery planning conference mandated by Federal Rule of Civil Procedure 26(f).  The expedited third-party discovery is necessary for three reasons: 1) Defendants' present whereabouts are unknown, they cannot be served by conventional means, and they are unlikely to appear in this action or for any Rule 26(f) conference[1]; 2) third-party discovery is necessary to help identify Defendants' whereabouts and those assisting Defendants; and 3) early third-party discovery will help develop a more complete record in advance of Plaintiffs' planned motion for preliminary injunction.  Specifically, Plaintiffs seek information from third-party credit card servicers, telecommunications carriers, financial institutions, common carriers, internet providers, and other service providers concerning the identity, contact information, and location of Defendants Amazon Medica and Does 1-10, as well as information concerning Defendants' operations, customers and methods of conducting

---

[1] Concurrent with the filing of this motion, Allergan has moved for alternative service of the summons and complaint by email.  Amazon Medica's physical location is unknown, and business addresses provided by the company are bogus.

1    business.  At this time, Plaintiffs are only planning to issue subpoenas duces tecum to

2    third parties, and are not seeking leave to conduct early depositions.

## II.

## BACKGROUND

Allergan markets a portfolio of leading branded pharmaceuticals, devices and biologic products for the central nervous system, eye care, medical aesthetics and dermatology, gastroenterology, women's health, urology and anti-infective therapeutic categories for sale in the United States.  *See* Complaint (Dkt. No. 1), ¶ 12.  Among other products, Allergan has exclusive rights, within the United States, to market BOTOX®, a drug approved by the FDA to treat several very serious medical conditions; BOTOX® Cosmetic, the only FDA-approved treatment to temporarily improve the appearance of both moderate to severe frown lines and lateral canthal lines in adults; and the JUVÉDERM® product line, a collection of hyaluronic acid fillers that are used to add volume to different areas of the face.  *See id.*

Amazon Medica operates an illegal online business that acquires Allergan-branded products from sources in the United Kingdom and illegally diverts them for sale to health care practitioners in the United States.  *See id.* at ¶ 31.  All of these products bear packaging from the United Kingdom or other countries, as opposed to packaging, labels, and warnings required by the Food and Drug Administration ("FDA") for sales to consumers in the United States, and some of the JUVÉDERM® products have not been approved for sale in the United States by the FDA.  *See id.* at ¶¶ 35, 44, 55.  In marketing these products, Amazon Medica makes numerous false and misleading statements to its customers, including that "All products are guaranteed authentic, FDA approved" when at least four of the products—JUVÉDERM® Ultra 2, JUVÉDERM® Ultra 3, JUVÉDERM® Ultra 4, and JUVÉDERM® Ultra Smile—are not; that it "maintain[s] licensing and regulations requirements" when it in fact is an unregistered entity; and the use of a fabricated "legal opinion" that purports to sanction Amazon Medica's business model.  *See id.* at ¶¶ 35, 38, 49–51.

Gibson, Dunn &
Crutcher LLP

Amazon Medica's actions violate numerous sections of the Federal Food, Drug, and Cosmetic Act.  Federal law deems medical devices and drugs to be adulterated and misbranded when, among other things, they are not stored and shipped in conformity with required quality control, they do not contain United States packaging, labels, and warnings, or they are not FDA-approved.  *See* 21 U.S.C. §§ 351, 352, 353(b)(4).  Introducing misbranded and adulterated drugs into interstate commerce is also prohibited by the Act.  *See* 21 U.S.C. § 331; *see also* 21 C.F.R. § 201 *et seq.*  Further, the Drug Supply Chain Security Act requires product tracing, licensing, and annual reporting.  *See* 21 U.S.C. § 360eee-1.

Federal law also prohibits false advertising and unfair competition under Section 43(a) of the Lanham Act against any person who "uses in commerce any . . . false or misleading description of fact, or false or misleading representation of fact, which . . . misrepresents the nature, characteristics qualities, or geographic origin of his or her or another person's goods, services, or commercial activities."  15 U.S.C. § 1125(a)(1).  The Lanham act also prohibits trademark infringement for the sale of products that are materially different than the genuine products for sale in the United States.  *See* 15 U.S.C. §§ 1114, 1125.

California law also prohibits selling unapproved, misbranded or adulterated drugs and medical devices.  *See* Cal. Health & Safety Code §§ 110110(a), 111295, 111300, 111440, 111445, 111550.  California law prohibits advertising adulterated or misbranded drugs or devices, false or misleading advertising, and the sale or offering of such falsely advertised drugs or devices.  *See* §§ 110390, 110395, 110398.  The products Amazon Medica advertises and sells are adulterated and misbranded according to state laws because they do not contain proper labels and packaging, they have been obtained outside of the licensed supply chain, and some are not FDA-approved.  *See* §§ 111330, 111335, 111340, 111360, 111375, 111397(a), 111435.  In addition, California's Unfair Competition Law prohibits "unlawful, unfair or

fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.

Plaintiffs seek injunctive relief against Defendants based upon:  (1) false advertising and unfair competition in violation of Section 43(a) of the Lanham Act; (2) violation of the State of California's Unfair Competition Law; (3) violation of the State of California's False Advertising Law; (4) trademark infringement in violation of Section 43(a) of the Lanham Act; and (5) Intentional Interference with Prospective Economic Advantage under California Law.  *See* Complaint (Dkt. No. 1), ¶ 62–92.

### III.

### ARGUMENT

**A.    This Court May Grant Expedited Discovery Because the Need Outweighs the Prejudice to Defendants**

Generally, discovery begins after the parties meet and confer.  Fed. R. Civ. P. 26(f).  However, discovery may proceed without a conference "when authorized by . . . court order."  Fed. R. Civ. P. 26(d).  Courts within the Ninth Circuit routinely "permit expedited discovery before the Rule 26(f) conference upon a showing of good cause."  *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008); *see also UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *3 (N.D. Cal., Sept. 3, 2008) (granting expedited discovery and noting, "In fashioning discovery orders under Rule 26(d), the district courts wield broad discretion.").  Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Countrywide*, 542 F. Supp. 2d at 1179 (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002)).

In applying this standard, the Ninth Circuit has highlighted that expedited discovery can be appropriate in preparation for a preliminary injunction hearing.  *See Stanley v. Univ. of S. California*, 13 F.3d 1313, 1326 (9th Cir. 1994) ("good cause [for such an order] may exist because of the urgent need for discovery in connection with

Gibson, Dunn &
Crutcher LLP

an application for TRO or preliminary injunction.") (internal citations omitted); *see also Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (noting that "[e]xpedited discovery [is] appropriate in cases involving preliminary injunctions.") (internal citations omitted).  Likewise, expedited discovery is often permitted when the identities of the defendants are unknown.  *See UMG Recordings, Inc.*, 2008 WL 4104214 at *5 ("without expedited discovery, plaintiffs absolutely cannot identify defendant, which means this matter cannot proceed forward, and plaintiffs will continue to suffer ongoing, continuous injury due to defendant's illegal activities."); *see also Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008) (noting the "overwhelming number of cases where courts have routinely applied the 'good cause' standard and permitted expedited discovery" to identify defendants).  Courts in the Ninth Circuit have also recognized that "good cause is frequently found in cases involving claims of infringement and unfair competition."  *See Semitool*, 208 F.R.D. at 276.  Further, in "Internet infringement cases, courts routinely find good cause exists."  *UMG Recordings, Inc.*, 2008 WL 4104214 at *4.

**B.     Expedited Discovery is Needed to Identify and Locate Defendants as Well as to Enhance the Record, and Defendants Will Not Be Prejudiced**

Good cause for expedited discovery exists here.  Discovery will enable Plaintiffs to present a more detailed record regarding the nature and scope of Amazon Medica's illegal activities, including the identities and locations of the Defendants and customers.  At present, Defendants' whereabouts are unknown.  Discovery should not wait for a Rule 26(f) conference, as no such conference is likely to occur until Defendants are found.  The information obtained during expedited discovery will also help support Plaintiffs' request for a preliminary injunction by allowing Plaintiffs to establish more detail regarding Defendants' business operations, and will also allow for the meaningful enforcement of any resulting injunction.

As described more fully in the Complaint, Defendants have intentionally concealed their true identities and locations.  *See* Complaint (Dkt. No. 1), ¶ 32–33; *see*

Moore Decl. (Dkt. No. 10-4), ¶ 2; *see* Mapes Decl. (Dkt. No. 10-3), ¶ 2; *see* Forrest Decl. (Dkt. No. 10-2), ¶ 2.  They published a fictitious address in Singapore as well as a phony "satellite" office in Los Angeles.  *Id.*; *see* Hagen Decl. (Dkt. No. 10-7), Ex. A, A-1, A-5; *see* Greenberg Decl. (Dkt. No. 10-5), Ex. B.  Defendants also utilize digital measures to mask their location.  *See* Complaint (Dkt. No. 1), ¶ 33.  Amazon Medica's IP domain, name servers, original owner, registrant proxy company, IP Geolocation, and probable website origin indicate physical locations in multiple countries.  *Id.* Further, its registered owner and technical contact have changed, and its IP-based Geolocation continues to change.  *Id.*

Furthermore, without expedited discovery, there is a risk that discoverable documents may be modified or destroyed.  The digital measures Defendants have taken to conceal their location appear to include changing the content of their website, as well as their IP addresses and the physical location of their servers.  *Id.*, ¶ 33. Accordingly, there is likely a short window of time before Defendants further alter their digital footprint and/or change the information available on their website.  In addition, without expedited discovery, there is a risk third parties will delete discoverable information in the normal course of business.

Allergan already has made out prima facie claims against Defendants for (1) false advertising and unfair competition in violation of Section 43(a) of the Lanham Act; (2) violation of the State of California's Unfair Competition Law; (3) violation of the State of California's False Advertising Law; (4) trademark infringement in violation of Section 43(a) of the Lanham Act; and (5) Intentional Interference with Prospective Economic Advantage under California Law.  *Id.*, ¶ 62–92.  These claims will be further supported, however, with additional evidence showing the specific methods that Amazon Medica employs to illegally import, distribute, and sell the adulterated products within the United States.

At this time, third party discovery is the only practical method by which Plaintiffs can uncover additional information concerning Defendants' identities,

whereabouts, and operations.  To conduct its business, Amazon Medica necessarily must rely on third parties—such as credit card servicers, telecommunications carriers, financial institutions, common carriers, and internet providers—and these third parties may have information identifying Amazon Medica's principals as well as details of their location and fraudulent operations.

Finally, there is no prejudice to Defendants.  The requested early discovery is targeted at third-parties and not directly to Defendants.  Moreover, Plaintiffs are simply seeking authority to issue document subpoenas at this time—as opposed to taking depositions—and Defendants will receive copies of any subpoenaed documents if and when they appear in this action.

Accordingly, the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to Defendants, and Plaintiffs therefore request this Court to allow Plaintiffs to immediately conduct document discovery on third-party credit card servicers, telecommunications carriers, financial institutions, common carriers, internet providers, and other companies providing services to Amazon Medica to help expose Defendants' identities and location, as well as determine the full extent of Defendants' illegal operation.

## IV.

## CONCLUSION

For the above reasons, Plaintiffs' motion for expedited discovery should be granted.

Dated:  November 23, 2016

DEBRA WONG YANG
NICOLA T. HANNA
LAUREN D. FRIEDMAN
JARED GREENBERG
GIBSON, DUNN & CRUTCHER LLP

By: _/s/ Nicola T. Hanna_
Nicola T. Hanna

Attorneys for Plaintiffs ALLERGAN, INC. and ALLERGAN USA, INC.

102212539.5

Gibson, Dunn &
Crutcher LLP