NICOLA T. HANNA, SBN 130694
  NHanna@gibsondunn.com
LAUREN D. FRIEDMAN, SBN 251086
  LFriedman@gibsondunn.com
JARED GREENBERG, SBN 300400
  JGreenberg@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

DEBRA WONG YANG, SBN 123289
  DWongYang@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Plaintiffs
ALLERGAN, INC. and ALLERGAN USA, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ALLERGAN, INC. and ALLERGAN USA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON MEDICA and DOES 1-10,<br><br>Defendants. | CASE NO. 2:16-cv-8403 CBM (SSx)<br><br>**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** |

The United States District Court for the Central District of California, a judicial authority within the territory of the United States of America, presents its compliments to the judicial authorities of the United Kingdom and requests assistance in obtaining evidence to be used in civil proceedings before this District Court.

This request is made pursuant to, and in conformity with, Chapter I of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (18 March 1970) (the "Hague Evidence Convention"), to which both the United States and the United Kingdom are a party, and the United States Federal Rules of Civil Procedure.

This District Court requests assistance related to the above-captioned matter in compelling the production of documentary evidence from American Express Services Europe Ltd. and American Express Payment Services Ltd. (collectively, "American Express"). The details are set forth below.

**In Conformity with Article 3 of the Hague Evidence Convention, the Undersigned Has the Honor to Submit the Following Request:**

1. This request is being made by the United States District Court for the Central District of California, 255 East Temple Street, Los Angeles, CA 90012, United States of America, the Honorable Suzanne H. Segal presiding (the "Requesting Authority").

2. This request is made to Senior Master of the Queen's Bench Division, Foreign Process Section, Room E16, Royal Courts of Justice, Strand, London WC2A 2LL, United Kingdom (the "Requested Authority").

3. This case is a civil proceeding before the Requesting Authority. The Requesting Authority seeks the assistance of the Requested Authority to obtain documents and information that Plaintiffs Allergan, Inc. and Allergan USA, Inc. (collectively, "Allergan" or "Plaintiffs") believe are in the possession of American Express's offices located in the United Kingdom.

4. This request has been made upon the motion of Plaintiffs in this action, who have advised the Requesting Authority that the documents and information sought are relevant and necessary for the due determination of matters in dispute between Plaintiffs and Defendant Amazon Medica.

5. As of the date of this order, American Express is a non-party witness who Plaintiffs believe possess relevant information. As explained further below, the core allegation of this case is that Defendant Amazon Medica, primarily through its website, illegally advertises, imports, markets, sells, and distributes unapproved, unauthorized, and misbranded Allergan-branded prescription medical devices and drugs in the United States, which include medical devices not approved for use by the United States Federal Drug Administration ("FDA"). United States doctors, in turn, inject the unlawfully obtained, and potentially unsafe prescription medicines into unknowing and unsuspecting patients. Amazon Medica's actions allegedly have harmed Allergan's goodwill and business, and have put an untold number of patients at risk.

6. According to Plaintiff, due to the nature of Amazon Medica's illegal business model, it has taken great efforts to conceal its physical location and mask the identities of individuals associated with the company. In its marketing materials, Amazon Medica has claimed to have an office at 50 Raffles Place, #30.00 Singapore Land Tower, 048623, Singapore, as well as a "satellite office" located at 445 S. Figueroa Street, Los Angeles, California. Neither of those addresses houses any business named Amazon Medica. Further, Amazon Medica utilizes digital measures to mask the origin of its website and location of its server. Its IP domain, name servers, original owner, registrant proxy company, IP Geolocation, and probable website origin indicate physical locations in multiple countries. Further, its registered owner and technical contact have changed to a proxy company, and its IP-based Geolocation continues to change. The discovery requested in this Letter of Request will likely identify the physical location of Amazon Medica, the identities of those associated

with Amazon Medica, and the identities of third parties enabling its illegal operations. Allergan plans to use the requested evidence in the United States District Court to permanently enjoin Amazon Medica's illegal operations, as well as third-party support of such illegal operations.

7. Non-party American Express is in current possession of some of the best evidence to prove the nature, purpose, and extent of Amazon Medica's illegal activity, as well as its physical location and the identities of those associated with Amazon Medica. Plaintiffs' belief that American Express has such highly relevant evidence stems from the fact that Allergan-branded products ordered online from Amazon Medica, by a private investigation firm, were purchased using American Express credit cards. The credit card statements reflected charges by Rose Pharmacy and Mudan Pharma Ltd. Further, third party discovery revealed that Amazon Medica used an American Express credit card to purchase telephone credits from Bitrix, Inc., a company providing communication tools for websites. It is expected that American Express will have information about the parties to the transactions and information identifying individuals operating Amazon Medica. The United States American Express Subpoena Response Unit informed Plaintiffs that the accounts used in these transactions are not based in the United States and recommended Plaintiffs subpoena American Express's United Kingdom General Counsel's Office. Thus, this non-party is in possession of highly relevant evidence, which Allergan intends to present to the United States District Court.

8. Allergan discovered details related to individuals and entities associated with Amazon Medica through independent investigation and discovery. As of September 2, 2016, the Whois database revealed www.amazonmedica.com's registered owner was David Wagenleiter and the technical contact was Luke Simon Walker. As of September 29, 2016, the Whois database information changed to a paid privacy service, Whois Proxy, to anonymize identifying information. In response to a subpoena, Moniker Privacy Services, the entity that owns Whois Proxy, disclosed that

David Wagenleiter is the registered owner of www.amazonmedica.com, as of February 2, 2017.

9. In February 2017, the website www.amazonmedica.com began redirecting users to www.amedicas.com. This appears to be an effort of Amazon Medica to rebrand itself as Amedicas.

10. The person to whom the executed request is to be returned is Plaintiffs' counsel:

> Nicola T. Hanna
> Gibson, Dunn & Crutcher LLP
> 3161 Michelson Drive
> 12th Floor
> Irvine, CA 92612-4412
> United States of America

11. The identity and address of the entities requested to produce documents are as follows:

> American Express
> General Counsel's Office
> Attn: Chaya Hanoomanjee
> Belgrave House
> 76 Buckingham Palace Road
> London SW1W 9AX
> United Kingdom

12. Plaintiffs in this action are Allergan, Inc. and Allergan USA, Inc. Plaintiffs are nongovernmental corporate parties, and Allergan USA, Inc. is a wholly owned subsidiary of Allergan, Inc. Plaintiffs exist under and by virtue of the laws of the State of Delaware, and each maintains its principal place of business in Morris County, New Jersey. Plaintiffs in this action are represented by Debra Wong Yang, Nicola T. Hanna, Lauren D. Friedman, and Jared Greenberg at Gibson, Dunn & Crutcher LLP.

13. Defendant Amazon Medica has been served with a copy of the Summons and Complaint in this action, but, as of this date, has not appeared before the Court. It is unknown if Amazon Medica has counsel.

Gibson, Dunn & Crutcher LLP

5

## Nature and Purpose of the Proceedings and Summary of Factual Allegations in the Lawsuit

14. Plaintiffs' action arises from Amazon Medica's alleged illegal advertising, importing, marketing, sales, and distribution of unapproved, unauthorized, and misbranded Allergan-branded prescription medical devices and drugs in the United States, including medical devices not approved for use by the FDA. Doctors inject these unlawfully obtained, and potentially unsafe prescription medicines and devices into unknowing and unsuspecting patients.

15. Allergan markets a portfolio of leading, branded pharmaceuticals, devices and biologic products for the central nervous system, eye care, medical aesthetics and dermatology, gastroenterology, women's health, urology and anti-infective therapeutic categories, for sale in the United States. Among other products, Allergan has exclusive rights, within the United States, to market BOTOX®, a drug approved by the FDA to treat several very serious medical conditions; BOTOX® Cosmetic, the only FDA-approved treatment to temporarily improve the appearance of both moderate to severe frown lines and lateral canthal lines in adults; and the JUVÉDERM® product line, a collection of hyaluronic acid fillers that are used to add volume to different areas of the face. Allergan has exclusive rights to the BOTOX® and JUVÉDERM® trademarks in the United States.

16. Amazon Medica operates an illegal online business that purports to acquire Allergan-branded products from sources in the United Kingdom and diverts them for sale to health care practitioners in the United States. All of these products bear packaging from the United Kingdom or other countries, as opposed to packaging, labels, and warnings required by the FDA for sales to consumers in the United States, and some of the JUVÉDERM® products have not been approved for sale in the United States by the FDA. Amazon Medica primarily uses email, telephone, and the internet to aggressively market products to United States health care practitioners. Amazon Medica's deceptive marketing campaign, which includes a website, videos, marketing

materials, and emails, is designed to trick United States health care practitioners into thinking the products it sells, that are approved for sale in foreign countries, are interchangeable with Allergan's FDA-approved products. Indeed, it claims, on its homepage, to be "Great Britain's #1 pharmaceutical wholesaler" and, in its Memorial Day flyer, to be the "UK's #1 Parallel Importer." However, a review of a United Kingdom digital register of companies reveals Amazon Medica is not a registered business; there is no registered entity operating under the name "Amazon Medica." Amazon Medica's illicit operations violate United States federal and state laws due to its advertising, false advertising, importing, selling, and distributing of unapproved, unauthorized, and misbranded Allergan-branded products.

17. In conducting this illicit business, Amazon Medica violates numerous sections of the United States Federal Food, Drug, and Cosmetic Act. United States federal law deems medical devices and drugs to be misbranded when they are not stored and shipped in conformity with required quality control, they do not contain United States packaging, labels, and warnings, or they are not FDA-approved. *See* 21 U.S.C. §§ 351, 352, 353(b)(4). Introducing misbranded drugs into interstate commerce is also prohibited by the Act. *See id.* § 331; *see also* 21 C.F.R § 201 *et seq.* Further, the United States Drug Supply Chain Security Act requires product tracing, licensing, and annual reporting. *See* 21 U.S.C. § 360eee–1. United States federal law also prohibits false advertising and unfair competition, as well as trademark infringement, under the Lanham Act. *See* 15 U.S.C. §§ 1114, 1125. California law prohibits selling unapproved medical devices and misbranded drugs and medical devices. *See* Cal. Health & Safety Code §§ 110110(a), 111440, 111445, 111550. California law also prohibits advertising misbranded drugs or devices, false or misleading advertising, and the sale or offering of such falsely advertised drugs or devices. *See id.* §§ 110390, 110395, 110398; *see also* Cal. Bus. & Prof. Code § 17200.

### Evidence to Be Obtained

18. The District Court seeks documentary evidence, created between January 1, 2015 through the present, from non-party American Express, that is in the control, possession or power of this non-party, as identified and described in Attachment 1.

### In Conformity with Article 7 of the Hague Evidence Convention, Plaintiffs Request for Notification of the Time and Place for the Execution of the Request

19. Please send notification to the following address:

> Naomi Simpson
> Mishcon de Reya LLP
> Africa House
> 70 Kingsway
> London
> WC2B 6AH
> United Kingdom

### Procedures to Be Followed

20. To the extent the Queen's Bench Division or such other court or judicial agency provides an order granting this Letter of Request in full or in part, that order shall be delivered to American Express, which can be found at the following addresses:

> American Express
> General Counsel's Office
> Attn: Chaya Hanoomanjee
> Belgrave House
> 76 Buckingham Palace Road
> London SW1W 9AX
> United Kingdom

21. American Express shall then deliver copies of the responsive documentation consistent with the terms of such order by a date to be determined by the Senior Master of the Requested Authority, or as mutually agreed to by counsel.

22. In the event the evidence cannot be taken in the manner requested, it is requested that the evidence be taken in the manner provided by the applicable law of England for the formal taking of evidence.

**Fees and Costs**

23. Fees and costs incurred, that are reimbursable under the second paragraph of Article 14 or Article 26 of the Hague Evidence Convention, will be borne by Plaintiffs.

**Closing**

24. The Requesting Authority expresses its appreciation to the Senior Master of the Queen's Bench Division for its courtesy and assistance in this matter. This Letter of Request is made this 14 day of June 2017, by the undersigned court, the United States District Court for the Central District of California, United States of America.

_____
The Honorable Suzanne H. Segal
United States Magistrate Judge

[seal of the court]



1171


**Attachment 1**

It is requested that American Express provide the following documents dated between January 1, 2015 through the present, to the extent they are within the control, possession, or power of American Express:

    a) All documents and records related to the transaction, on or around August 31, 2016, for the amount of $1,180.18, to Rose Pharmacy, including merchant records, merchant banks, destination banks, account statements, customer files, transaction records, agreements, and payment records.

    b) All documents and records related to the transaction, on or around January 13, 2017, for the amount of $1,359.42, to Mudan Pharma Ltd., with a description listed as "Durable Goods," and an American Express reference number of 320170160157143939, including merchant records, merchant banks, destination banks, account statements, customer files, transaction records, agreements, and payment records.

    c) All documents, communications, and correspondence related to www.amazonmedica.com, Amazon Medica, www.amedicas.com, and Amedicas, or their current or former officers, directors, employees, shareholders, owners, agents, and representatives (collectively, the "Amazon Medica Entities"), including:

        i. Merchant records, account statements, customer files, transaction records, agreements, and payment records;

        ii. Documents that identify its addresses, contact information, principals, officers, directors, owners, employees, and/or agents; and

        iii. Documents identifying the credit card processors and financial institutions used by the Amazon Medica Entities, including the names and addresses of the institutions, and account numbers used by the Amazon Medica Entities.

d) All documents and records related to the six below transactions, including, but not limited to, account statements, accountholder information, names, addresses, contact information, banks, and bank account numbers associated with the account.

    Purported buyer for the six below transactions:
        Max Steinberg
        Greenwich
        SE100QJ London
        United Kingdom

    The seller for the six below transactions:
        Bitrix, Inc.
        901 N Pitt Street, Suite 325
        Alexandria, VA 22314
        United States
        US TIN: 20 5575766

Details regarding the six transactions are as follows:

| Issue Date | Price | Description | Card No. (Last Four) |
|---|---|---|---|
| 01.27.16 | 10.00 | Telephony Credits | 1379 |
| 01.27.16 | 10.00 | Telephony Credits | 1379 |
| 02.08.16 | 10.00 | Telephony Credits | 1379 |
| 02.16.16 | 10.00 | Telephony Credits | 1379 |
| 02.19.16 | 30.00 | Telephony Credits | 1379 |
| 02.19.16 | 30.00 | Telephony Credits | 1379 |

e) All documents, records, and communications related to all additional transactions made by the American Express card, with the card number ending in 1379, identified in the previous request, including account statements, accountholder information, names, addresses, contact information, banks, and bank account numbers associated with the account.

f) All documents, records, customer files, and communications related to all transactions made by David Wagenleiter using the American Express

card, with the card number 0379-1868-6745-1031, and expiration date of 4/2016.