DEBRA WONG YANG, SBN 123289
  DWongYang@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

JARED S. GREENBERG, SBN 300400
  JGreenberg@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Denver, CO 80202-2642
Telephone: 303.298.5700
Facsimile: 303.298.5907

Attorneys for Plaintiffs
ALLERGAN, INC. and ALLERGAN USA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALLERGAN, INC. and ALLERGAN USA, INC.,<br><br>            Plaintiffs,<br><br>    v.<br><br>AMAZON MEDICA and DOES 1-10,<br><br>            Defendants. | CASE NO. 2:16−cv−8403 CBM (SSx)<br><br>**PLAINTIFFS ALLERGAN, INC. AND ALLERGAN USA, INC.'S RESPONSE TO ORDER TO SHOW CAUSE WHY COURT SHOULD NOT DISMISS FOR LACK OF PROSECUTION**<br><br>Judge:    Hon. Consuelo B. Marshall |

# I.

# Introduction

On February 7, 2018, the Court entered an Order to Show Cause why this action should not be dismissed for lack of prosecution. Plaintiffs Allergan, Inc. and Allergan USA, Inc., (collectively, "Allergan") hereby respectfully request the action not be dismissed for lack of prosecution because Plaintiffs are actively in the process of seeking evidence in the United Kingdom stemming from a Letter of Request approved by this Court.

Amazon Medica illegally advertises, imports, markets, sells, and distributes unapproved, unauthorized, and misbranded Allergan-branded prescription medical devices and drugs in the United States, which include medical devices not approved for use by the United States Federal Drug Administration ("FDA"). United States doctors, in turn, inject the unlawfully obtained, and potentially unsafe prescription medicines into unknowing and unsuspecting patients. Test purchases revealed that Allergan-branded products ordered online from Amazon Medica were shipped to the United States directly from Mudan Pharma Ltd. and were charged via credit card by Rose Pharmacy and Mudan Pharma Ltd.

On June 14, 2017, this Court approved a Letter of Request seeking oral testimony and documents from Rose Healthcare Ltd. (trading as Rose Pharmacy), Mudan Pharma Ltd., Mr. Amerjeet Mudan, and Mrs. Tajinder Mudan (collectively, the "Mudan Entities"). On August 3, 2017, Master Yoxall of the Queen's Bench Division, Foreign Process Section, of the High Court of England and Wales ordered that the Mudan Entities provide Plaintiffs certain documents and that Mr. and Mrs. Mudan be subject to an examination. The Mudan Entities did not comply, but rather issued an application requesting that the High Court of England and Wales set aside the Order. Accordingly, a hearing on the issue was scheduled and took place on February 12, 2018 in the High Court of England and Wales; the court's ruling is expected in the near future. Accordingly, we respectfully request the Court not dismiss this case for

lack of prosecution. Allergan is actively seeking evidence in the United Kingdom, which originated from a Letter of Request approved by this Court. As soon as the process of seeking evidence is complete, Allergan will promptly take the next steps in prosecuting this case.

## II.

## This Action Should Not Be Dismissed for Lack of Prosecution

### A.  Background

In this action, Allergan asserts federal and state claims against Amazon Medica based on Amazon Medica's alleged illegal advertising, importing, marketing, sales, and distribution of unapproved, unauthorized, adulterated, and misbranded Allergan-branded prescription medical devices and drugs from overseas to doctors in the United States, including medical devices not approved by the FDA. *See* Complaint (Dkt. No. 1), ¶¶ 30–61.

Allergan markets a portfolio of leading branded pharmaceuticals, devices, and biologic products for the central nervous system, eye care, medical aesthetics and dermatology, gastroenterology, women's health, urology and anti-infective therapeutic categories for sale in the United States. *Id.* at ¶ 12.

Amazon Medica operates an illegal online business that purports to acquire Allergan-branded products from sources in the United Kingdom and diverts them for sale to health care practitioners in the United States. *See id.* at ¶ 31. All of these diverted products bear packaging from the United Kingdom or other countries, as opposed to packaging, labels, and warnings required by the FDA for sales to consumers in the United States, and some of the JUVÉDERM® products have not been approved for sale in the United States by the FDA. *See id.* at ¶¶ 35, 44, 55. In marketing these products, Amazon Medica makes numerous false and misleading statements to its customers, including that "[a]ll products are guaranteed authentic, FDA approved" when at least four of the products—JUVÉDERM® Ultra 2, JUVÉDERM® Ultra 3, JUVÉDERM® Ultra 4, and JUVÉDERM® Ultra Smile—are

not; that it "maintain[s] licensing and regulations requirements" when it is in fact an unregistered entity; and the use of a fabricated "legal opinion" that purports to sanction Amazon Medica's business model. *See id.* at ¶¶ 35, 38, 49–51. Amazon Medica's deceptive marketing campaign is designed to trick United States health care practitioners into thinking the products it sells, which are approved for sale in foreign countries, are interchangeable with Allergan's FDA-approved products.

Amazon Medica's illicit operations violate United States federal and state laws due to its false advertising, importing, selling, and distributing of unapproved, unauthorized, adulterated, and misbranded Allergan-branded products. *See* 21 U.S.C. §§ 331, 351, 352, 353, 360eee–1; *see* 15 U.S.C. §§ 1114, 1125; *see* Cal. Health & Safety Code §§ 110110(a), 111295, 111300, 111330, 111335, 111340, 111360, 111375, 111397(a), 111435, 111440, 111445, 111550; *see* Cal. Bus. & Prof. Code § 17200.

### 1. The Mudan Entities

In carrying out its illicit activities, Amazon Medica makes use of certain third parties in its scheme. A private investigation firm arranged purchases of Allergan-branded products from Amazon Medica in August 2016 and January 2017. *See* Collins Decl. (Dkt. No. 19-1), ¶ 3. With respect to each purchase, the shipping label and customs declaration identified the sender as Mudan Pharma Ltd., 24B Creek Road, London SE8 3BN, United Kingdom. *See id.* The January 2017 purchase also included a commercial invoice, which identified the vendor as Mudan Pharma Ltd., 24B Creek Road, London SE8 3BN, United Kingdom. *See id.* The credit card statements for these transactions reflected charges to either Mudan Pharma Ltd., doing business as Mudan Pharma, 24 Creek View, Greenwich, London SE8 3BN, or charges to Rose Pharmacy, London. *See id.* at ¶ 5.

Plaintiffs believe that the Mudan Entities are in current possession of some of the best evidence to prove the nature, purpose, and extent of Amazon Medica's illegal activity, as well as its physical location, the identities of those associated with Amazon

Gibson, Dunn & Crutcher LLP

Medica, and the harm caused to Plaintiffs. Accordingly, Allergan is actively pursuing such information within the courts of England and Wales in order to obtain admissible evidence, which will be used to prove its case. This evidence is particularly pertinent to the issues of whether Amazon Medica systematically targeted healthcare practitioners, the conditions of storage and shipping of the products, the ability to make returns of products, the scale of unauthorized, unapproved, adulterated, and misbranded products being shipped to the United States, the location of Amazon Medica, the harm and injury inflicted on Plaintiffs, and the terms of the relief sought.

**B.      Allergan Is Actively Seeking Evidence from the Mudan Entities in the United Kingdom, and a Hearing Related to this Took Place on February 12, 2018**

On June 2, 2017, this Court granted Allergan's motion requesting issuance of Letters of Request. *See* Order on Plaintiffs' Motion Requesting Issuance of Letters of Request (Dkt. No. 21). The Honorable Suzanne H. Segal signed four Letters of Request on June 14, 2017. *See* Letters of Request (Dkt. Nos. 22–25). One of the Letters requested assistance in compelling depositions and documentary evidence from the Mudan Entities. As explained in Allergan's Motion, the Letters of Request were forwarded to local counsel for submission to the appropriate judicial authority. *See* Motion for Issuance of Letters of Request (Dkt. No. 19), n.2. On August 3, 2017 Master Yoxall of the Queen's Bench Division, Foreign Process Section, of the High Court of England and Wales ordered that the Mudan Entities produce certain documents and that Mr. and Mrs. Mudan be subject to examination. Rather than comply with the order, the Mudan Entities moved the court to set aside the order by way of an application issued on October 12, 2017. As a result, on February 12, 2018, the High Court in England and Wales scheduled and conducted a hearing on whether the Mudan Entities need comply with the Order. We are currently waiting for a decision on whether or not the Mudan Entities must provide Allergan the requested evidence.

Once the process of seeking evidence from the Mudan Entities pursuant to the Letter of Request issued by this Court is complete, Allergan will promptly take the next steps in the prosecution of this case. Allergan believes the evidence sought is highly relevant due to the Mudan Entities' close involvement with Defendants' scheme.

### III.
### Conclusion

For the above reasons, Allergan respectfully requests that this Court not dismiss this case for lack of prosecution because Allergan is actively pursuing relevant evidence in the United Kingdom, which originated from a Letter of Request approved by this Court. Allergan affirms its commitment to promptly take the next steps in prosecuting the case at the conclusion of the Letter of Request process.

Dated: February 14, 2018

DEBRA WONG YANG
JARED S. GREENBERG
GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Jared S. Greenberg*
　　　　Jared S. Greenberg

Attorneys for Plaintiffs ALLERGAN, INC. and ALLERGAN USA, INC.

102447567.6