UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALLERGAN, INC. and ALLERGAN USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON MEDICA and DOES 1-10, <br><br> Defendants. | CASE NO. 2:16−cv−08403 CBM (SSx) <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |

Having considered Plaintiffs Allergan, Inc. and Allergan USA, Inc.'s (collectively "Allergan") Motion for Default Judgment and Permanent Injunction, Allergan's Memorandum of Points and Authorities in Support of Its Motion for Default Judgment and Permanent Injunction, the Declaration of Jared Greenberg and associated Exhibits, the Default entered by the Court's Clerk filed herein, the Complaint, and all of the relevant papers and pleadings on file with the Court,

THE COURT ORDERS AS FOLLOWS:

Allergan's Motion for Default Judgment and Permanent Injunction against defendant Amazon Medica is GRANTED.

Based on the factual allegations of the complaint, which are deemed admitted by

virtue of Defendant's default, the Court further finds as follows:

    1) Allergan has suffered irreparable injury in the form of loss of goodwill and loss of control over its business reputation.

    2) The remedies available at law are inadequate to compensate for that injury.

    3) The balance of hardships between the parties favors a remedy in equity.

    4) The public interest would be furthered by a permanent injunction.

Accordingly, IT IS HEREBY ORDERED that defendant Amazon Medica and its officers, agents, servants, employees, and attorneys, and all those who are in active concert or participation with them, shall be, and hereby are PERMANENTLY ENJOINED and restrained from:

    a.    Marketing, advertising, importing, distributing, and selling unauthorized, non-FDA-approved, misbranded, or adulterated Allergan-branded medical devices and drugs in the United States;

    b.    Marketing, advertising, importing, distributing, and selling Allergan-branded products in the United States outside of the licensed supply chain;

    c.    Directly or indirectly disseminating or using in United States commerce any false or misleading description of fact which misrepresents the nature, characteristics, qualities, or geographic origins of Allergan's goods (including medical devices and drugs), services, or commercial activities;

    d.    Directly or indirectly disseminating or using in United States commerce any false or misleading representation of fact which misrepresents the nature, characteristics, qualities, or geographic origins of Allergan's goods (including medical devices and drugs), services, or commercial activities;

    e.    Directly or indirectly disseminating or using in United States commerce any false or misleading advertisement relating to Allergan's goods (including medical devices and drugs), services, or commercial activities;

f. Marketing, advertising, importing, distributing, and selling in the United States Allergan-branded products that are materially different from the genuine Allergan products for sale in the United States, including but not limited to, the following Trademark and/or Service Mark Registration Numbers:

　　i. 1692384
　　ii. 1709160
　　iii. 1814396
　　iv. 2510673
　　v. 2510675
　　vi. 3454647
　　vii. 3463915
　　viii. 3706974
　　ix. 4380507
　　x. 4481317
　　xi. 4933963; and

g. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (a) through (i) above.

**IT IS SO ORDERED.**

DATED: October 15, 2018

　　　　　　　　　　　　　　　　　CONSUELO B. MARSHALL
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE